The Honorable Mike Beebe State Senator 211 W. Arch Avenue Searcy, Arkansas 72143-5332
Dear Senator Beebe:
I am writing in response to your request for my opinion on the following question:
 After delinquent property is deeded to the state and appears on the tax records as state property, does the parcel qualify for the homestead credit?
RESPONSE
In my opinion, the answer to your question is "no" with respect to the annual $300 homestead credit available pursuant to Ark. Const. amend.79, § 3 (Supp. 2001) and A.C.A. § 26-26-118(a)(1) (Supp. 2001), which I assume is the "credit" referenced in your request.[1]
Section 3 of Ark. Const. amend. 79 (Supp. 2001) provides in pertinent part: "The General Assembly shall provide by law for an annual state credit against ad valorem property tax on a homestead in an amount of not less than three hundred dollars ($300)." In accordance with this constitutional mandate, A.C.A. § 26-26-1118(a)(1) (Supp. 2001) provides:
 Effective with the assessment year 2000 and thereafter, the amount of real property taxes assessed on the homestead of each property owner shall be reduced by three hundred dollars ($300), provided that no assessment shall be reduced to less than zero ($0.00).
The statute defines the term "property owner," which the legislature by Act 1544 of 2001 substituted for the previous term" taxpayer," as follows:
 The term "property owner" as used in this section means a person who is:
 (1) The owner of record of the real property or the mortgagee of the property;
(2) A buyer under a recorded contract to purchase the real property; or
(3) A person holding a recorded life estate in the real property.
A.C.A. § 26-26-1118(d). In restricting the tax credit to "[t]he owner of record of the real property," subsection (d)(1) of this statute creates the possibility that the credit might be unavailable to certain taxpayers who occupy "homesteads" under the following definition set forth at A.C.A. § 26-26-1118(b):
 The term "homestead," as used in this section, means the dwelling of a person which is used as his or her principal place of residence and land contiguous thereto, excluding all land valued as agricultural land, pasture land, or timber land. The term "homestead" shall also include a dwelling owned by a revocable trust and used as the principal place of residence of a person who formed the trust.
Specifically, in the situation where title to tax-delinquent property has vested in the state pursuant to A.C.A. § 26-37-101(c) but the previous record owner continues to occupy the residence subject to his right of redemption, I believe the delinquent taxpayer, not being the "owner of record," would be precluded from claiming a tax credit by operation of A.C.A. §§ 26-26-1118(a)(1) and (d), notwithstanding the fact that his residence might qualify as a "homestead" as defined at A.C.A. §26-26-1118(b). In my opinion, then, once property has been deeded to the state for tax delinquency, it no longer qualifies for the $300 homestead credit even if the property qualifies as a "homestead" as defined at A.C.A. § 26-26-1118(b).
Having offered this conclusion, I should nevertheless note that it is not entirely clear who actually "owns" property that has been conveyed to the state for failure to pay property taxes. In Ark. Op. Att'y Gen. No.2001-097, I offered the following analysis of this issue:
 The law regarding forfeiture of property for failure to pay property taxes is set forth in chapter 37 of title 26 of the Arkansas Code. Section 26-37-101 of the Code, captioned "Transfer of tax-delinquent lands," provides:
 (a)(1) All lands upon which the taxes have not been paid for one (1) year following the date the taxes were due, October 10, shall be forfeited to the State of Arkansas and transmitted by certification to the Commissioner of State Lands for collection or sale.
(2) No tax-delinquent lands shall be sold at the county level.
 (b) The county collector shall hold all tax-delinquent lands in the county for one (1) year after the date of delinquency, and, if the lands are not redeemed by the certification date, which shall be no later than July 1 of the following year, the collector shall transmit it to the state by certification, after notice as provided in this chapter, indicating all taxes, penalties, interest, and costs due and the name and last known address of the owner of record of the tax-delinquent lands.
 (c) Upon receipt of the certification, title to the tax-delinquent lands shall vest in the State of Arkansas in care of the Commissioner of State Lands.
 With respect to the issue of ownership . . ., I am uncertain what it means to say "[t]he county collector shall hold all tax-delinquent lands" for a year after the date of the delinquency. I assume this condition in itself does not amount to a "reversion" either to the county or the state, since the statute expressly states that the forfeiture will not occur until a year after the delinquency, whereupon the property will be "transmitted by certification to the Commissioner of State Lands" and title "shall vest in the State of Arkansas," subject only to the right of redemption acknowledged at A.C.A. § 26-37-302(a)(1). In my opinion, then, the delinquent taxpayer continues to own the property during this period. . . .
 The issue is not quite so clear once ownership of the property vests in the state. The state's ownership of such property is unique in that it is often not possessory and it remains defeasible by the former owner's payment of any delinquencies. See A.C.A. § 26-37-301 et seq. The state is further precluded by statute from selling the property within two years of the time it obtains title. A.C.A. § 26-37-301(b). A former owner retains the power to redeem the property beyond this two-year period so long as the state still owns it. A.C.A. § 26-37-311. Nevertheless, notwithstanding the qualifications that apply to the state's ownership of such property, it remains the owner of record. . . .
I am informed that the state, perhaps as a result of the somewhat complicated nature of its ownership interest in property acquired from delinquent taxpayers, currently extends the homestead tax credit even to delinquent taxpayers who have applied for the homestead exemption and whose property has been deeded to the state for nonpayment of taxes. As a practical matter, this apparently means that the tax delinquency on property conveyed to the state from a taxpayer who claimed the homestead exemption will increase annually in an amount $300 less than it otherwise would, at least so long as the former owner eventually redeems the property. This interpretation of the law would appear to be inconsistent with the express terms of A.C.A. §§ 26-26-1118(a)(1) and (d), which provide that only the homestead of an "of-record" property owner is subject to the homestead credit. I believe it is questionable that a delinquent taxpayer could be considered the owner of record of property whose title has vested in the state pursuant to A.C.A. § 26-37-101(c), even though the state's ownership interest is qualified in the manner discussed above. If my reading of these statutes is inconsistent with the General Assembly's intention, I would suggest clarification by legislative amendment.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosure
[1] I do not believe your question implicates the alternative homestead exemption set forth at A.C.A. § 26-3-306 (Supp. 2001), since this statute affords disabled veterans and their survivors a total exemption from taxation on their homesteads, rendering it impossible for a tax delinquency ever to arise. For a detailed discussion of the available homestead tax credits, see Ark. Op. Att'y Gen. No. 2001-213.